UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 12-37035-A-7
)
APRIL DAWN GIANELLI, )
)
      Debtor. )
)
_____ )

## MEMORANDUM

When the bankruptcy petition was filed on September 21, 2012, the debtor certified pursuant to 11 U.S.C. § 362(l)(1)(A) that the lessor of residential real property to her had obtained a judgment for possession of the property prior to the filing of the bankruptcy case. However, that certification was defective on its face because it was not accompanied by a deposit paid to the clerk of this court consisting of the rent that would become due during the next 30 days. See 11 U.S.C. § 362(l)(1)(B).

On October 3, the debtor paid $276.03 to the clerk of the court with an unsworn statement indicating that this is the amount necessary to cure the default under her lease or rental agreement.

There are three problems with this payment to the clerk. First, this amount should have been paid directly to the lessor within 30 days after the filing of the bankruptcy case. See 11 U.S.C. § 362(l)(1)(B)(2). Second, the deposit due to the clerk

was the rent that was owed for the 30 days after the filing of the petition. This was due when the bankruptcy case filed. The debtor has failed to make the required initial deposit. Third, the debtor failed to file the second certification required by 11 U.S.C. § 362(l)(2) attesting that she had cured the entire monetary default that gave rise to the judgment for possession in favor of the lessor. The unsworn statement is not such a certification.

Therefore, by separate order the clerk shall return the $276.03 to the debtor, not to the lessor. By virtue of the failure to comply with 11 U.S.C. § 362(l), 11 U.S.C. § 362(b)(22) is applicable.

Dated: 25 Oct 2012

By the Court

/s/

Michael S. McManus, Judge
United States Bankruptcy Court